

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
WILL WILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Stirling T. Phelps
County Attorney, Webb County
Laredo, Texas

Dear Sir:

Opinion No. O-6041
Re:  County taxes for joint
     maintenance of City-County
     Hospital for tuberculosis
     patients.

     Your recent letter states that the City of Laredo has issued
bonds and constructed a small hospital for tuberculosis patients; you
state that circumstances make it desirable and imperative that the in-
stitution be made a County-City Hospital to be jointly maintained and
supported by the County and the City.

     You submit three inquiries in connection with the problem.
The first is whether, in view of the fact that the County issued no
bonds, either separately or in conjunction with the City, for the
establishment of the hospital, the County has the power to levy taxes
for the purpose of jointly maintaining said hospital.

     Under Article 4478, Revised Civil Statutes of 1925, provision
is made for the issuance of bonds for the establishment of a county hos-
pital and, in the event of the issuance of such bonds, for that purpose,
for the assessment, levying and collecting of taxes to support such bonds
and for the maintenance of the hospital. That Article of the Statutes
is not the exclusive authority of counties in the matter of maintenance
of public hospitals. Particularly applicable to your inquiries, are
the powers also conferred upon the commissioners' courts under the pro-
visions of Articles 4492 and 4493 of the Revised Statutes of 1925.
Those articles read respectively as follows:

     "Any commissioners court may co-operate with and
join the proper authorities of any city having a popula-
tion of ten thousand persons or more in the establish-
ment, building, equipment and maintenance of a hospital
in said city, and to appropriate such funds as may be
determined by said court, after joint conference with the
authorities of such city or town, and the management of
such hospital shall be under the joint control of such
court and city authorities."

"Where no county hospital is now provided for the purpose aforesaid, or where such provision is inadequate, the commissioners' court of each county which may have a city with a population of more than ten thousand persons, within six months from the time when such city shall have attained such population, such population to be ascertained by such court in such manner as may be determined upon resolution thereof, shall provide for the erection of such county hospital or hospitals as may be necessary for that purpose, and provide therein a room or rooms, or ward or wards for the care of confinement cases, and a room or rooms or ward or wards for the temporary care of persons suffering from mental or nervous disease, and also make provision in separate buildings for patients suffering from tuberculosis and other communicable diseases, and from time to time add thereto accommodations sufficient to take care of the patients of the county. This time may be extended by the State Board of Health for good cause shown. Unless adequate funds for the building of said hospital can be derived from current funds of the county, available for such purpose, issuance of county warrants and script, the commissioners court shall submit, either at a special election called for the purpose, or at a regular election, the proposition of the issuance of county bonds for the purpose of building such hospital. If the proposition shall fail to receive a majority vote at such election said court may be required thereafter at intervals of not less than twelve months, upon petition of ten per cent of the qualified voters of said county, to submit said proposition until same shall receive the requisite vote authorizing the issuance of the bonds."

Under the several acts authorizing the county commissioners' courts to levy taxes or appropriate funds for the separate maintenance of hospitals or for joint maintenance of such hospitals with cities located within the county, the county's taxing power called into exercise thereby is of necessity the twenty-five cent tax permitted by law to be levied for general fund purposes.

Webb County, under the provisions of Articles 4492 and 4493, supra, may, therefore, provide jointly with the City of Laredo for the maintenance and operation of a tuberculosis hospital, and the County may raise the money by taxation out of its general fund levy for that purpose, although the buildings of the hospital were constructed separately by the City of Larodo.

Your second and third questions relate to the provisions of Chapter 383, Acts of the 48th Legislature, (Article 44941, Vernon's Annotated Civil Statutes). Section 1 of the Act last cited, reads as follows:

"Section 1. Any county of the State and any incorporated city or town within such county, acting through the Commissioners Court of such county and the governing body of such city or town, may jointly establish, erect, equip, maintain and operate a hospital or hospitals for the care and treatment of the sick, infirm, and/or injured; and for the purposes of establishing, erecting, equipping, maintaining and operating such a hospital or hospitals, the Commissioners Court of any county and the governing body of any city or town within such county may, by resolution or other appropriate action, confer upon, delegate to and grant to a Board of Managers, as hereinafter provided, full and complete authority to establish, erect, equip, maintain and operate such hospital or hospitals. Such cities or towns and counties that have heretofore issued and sold bonds for the specific purpose of jointly establishing, erecting, equipping, maintaining and operating such joint county-city hospital may finance such hospital or hospitals out of general revenues and are each, respectively, hereby authorized to levy and collect a tax, not to exceed Ten (10) Cents per one hundred dollar valuation on the property subject to taxes therein, for such purpose."

It is our opinion that the provisions of the Act quoted are sufficiently broad to cover the appointment of a Board of Managers in the manner prescribed by the Act for a joint County-City Hospital such as is contemplated by your questions. The fact that the buildings of the hospital were not jointly constructed would not prevent the Act quoted above from being applicable.

Your last inquiry is whether, under the provisions of Chapter 383, (Article 4494i, supra) a county is authorized to issue bonds to raise funds for the maintenance of hospitals. We do not consider any of the provisions of the Act cited as authorizing the issuance of bonds, either for construction or maintenance. The last sentence of Section 1, quoted above, is the only reference in the Act to the issuance of bonds and that provision is one authorizing the levying of a maintenance tax in those counties which have issued bonds for the establishment of a joint County-City Hospital. It does not, and was not intended to authorize the issuance of bonds for any purpose.

Very truly yours

ATTORNEY GENERAL OF TEXAS

GK:ep:wc                                      By s/Gaynor Kendall
APPROVED JUNE 16, 1944 s/Geo. P. Blackburn          Gaynor Kendall
ATTORNEY GENERAL OF TEXAS (acting)                    Assistant